IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nicholas S. Williams; Stephen M. Hause; and Henry P. Vesey, | ) C/A No.  9:14-787-RMG-BM |
| | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Major Jones, *Supt. Lexington County Detention Center*; James Metts, *Sheriff*; *Lexington County Sheriff's Dept.*; and William Miles, *MD, Lexington County Detention Center*; *in individual and official capacities*, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

This is a civil rights action filed by three pretrial detainees, proceeding pro se and in

forma pauperis, who desire to litigate issues concerning the conditions of their confinement in the

Lexington County Detention Center ("LCDC") in Lexington, South Carolina.  Plaintiffs, Nicholas

S. Williams ("Mr. Williams"), Stephen M. Hause ("Mr. Hause"), and Henry P. Vesey ("Mr. Vesey")

(collectively "Plaintiffs"), filed their Complaint (ECF No. 1), labeled as a "Class Action," on March

10, 2014, alleging "severe unconstitutional overcrowding and conditions of confinement."

Complaint, ECF No. 1, p. 2.  Together with the Complaint, which was dated March 3, 2014 and

signed by all three Plaintiffs, Plaintiffs filed separate, individually-signed Applications to Proceed

Without Prepayment of Fees and Affidavits (Forms AO 240), which are construed as Motions for

Leave to Proceed in forma pauperis (ECF Nos. 3, 4, and 5), a jointly-signed "Motion to Appoint

Counsel (ECF No. 6), and a jointly-signed Motion to Certify Class (ECF No. 7).  Pursuant to Rule

23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Plaintiffs seek to prosecute this action



on behalf of themselves and all current LCDC pretrial detainees.  See Complaint, ECF No. 1, p. 6.

Plaintiffs filed a proposed summons (ECF No. 8) for the three named Defendants, but did not file

Forms USM-285, so the case is not in proper form, with respect to the necessary service documents.

Mr. Williams and Mr. Vesey are currently confined in the LCDC and allege that they

have been held there as pretrial detainees since August 2012 and July 2012, respectively.  Mr. Hause

alleges that he, too, has been a pretrial detainee in LCDC since August 2012.  The undersigned takes

judicial notice, however, that Mr. Hause filed Notices of Change of Address on March 20, 2014, in

three other cases which he currently has pending in this Court, noting that he had been released from

custody.  See Notice of Change of Address, ECF No. 20, Hause v. Jones, C/A No. 9:14-275-RMG-

BM (D.S.C.); ECF No. 19, Hause v. Bastian, et al., C/A No. 9:13-3531-RMG-BM (D.S.C.); ECF

No. 160, Hause v. Miles, et al., 9:13-1271-RMG-BM (D.S.C.).  Mr. Hause has informed the Court

that his address changed, effective March 10, 2014, to 92 Mariner's Pointe Rd., Prosperity, South

Carolina 29127.[1]

Because Plaintiffs are pretrial detainees (or, in the case of Mr. Hause, was a pre-trial

detainee at the time this action was filed), the Prison Litigation Reform Act ("PLRA"), Pub. L. No.

104-134, 110 Stat. 1321 (1996), applies to this case.  See 28 U.S.C. § § 1915(e); 1915A(c).  The

undersigned has therefore made a careful review of the pro se pleadings pursuant to the procedural

provisions of 28 U.S.C. §§ 1915, 1915A and in light of the following precedents: Neitzke v.

Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner,

404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).  Section 1915 permits

---

[1]  See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)
("The District Court clearly had the right to take notice of its own files and records.").



an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915( e )(2)(B)(I), (ii), (iii).  Hence, under 28 U.S.C. § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed <u>sua sponte</u>.  <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).  Additionally, although this Court is required to liberally construe <u>pro se</u> documents, <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, <u>Hughes v. Rowe</u>, 449 U.S. 5 173 (1980) (per curiam), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court, or that are otherwise not in a proper posture for litigation.  <u>Weller v. Dep't. of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

### FACTS/BACKGROUND

Mr. Williams alleges that he has been confined in LCDC for nineteen months, during which time he has been forced to sleep on a cell floor in a one man cell with one to two other inmates who were also forced to sleep on the floor.  He alleges that he has been locked in his overcrowded cell in excess of twenty hours per day, denied all access to a law library and/or legal research materials, and denied adequate medical care and recreation.  He also alleges that he has been "punished" without due process on several occasions when staff/guards have placed him on "confinement" for several days, made him wear a black and white striped uniform, and taken away his recreation time, canteen, books, etc. <u>See</u> Complaint, ECF No. 1, p. 4.  Mr. Hause makes similar



3

allegations with respect to his claim of overcrowding, denial of access to a law library, recreation, and adequate medical care, although he does not allege any unconstitutional punishment. Mr. Hause also alleges a medical indifference claim, charging that he has been denied adequate care for his anxiety/epilepsy, severe acute pain disorder, broken right shoulder, and severe deteriorating spine/back, all of which has caused pain and possible permanent physical injury. Id. Finally, Mr. Vesey alleges that he has been in LCDC for over twenty months and that he has been subjected to overcrowding, denial of adequate medical care, recreation, and access to law library/legal research materials. Mr. Vesey also alleges that he has been denied adequate food, and that he has been punished without due process by being arbitrarily placed in confinement and made to wear a black and white uniform, etc. Id. at p. 4-5.

Plaintiffs allege that Major Jones has specifically been made aware of all of these unconstitutional conditions by way of grievances and complaints by Plaintiffs and other inmates, and that Defendants Jones, Metts, and Miles are responsible and liable for the unconstitutional policies and practices at LCDC, whereby all LCDC inmates are subjected to continuous, severe overcrowding, denial of medical care, law library, recreation, and adequate food, for long periods of confinement, as well as punishment of pretrial detainees without due process. Id. at pp. 2, 5.

In addition to class certification and appointment of counsel, Plaintiffs seek injunctive relief, enjoining the Defendants from continued, ongoing violations of Plaintiffs' rights; a declaratory judgment that the Defendants have violated Plaintiffs' rights; and monetary damages, both standardized and incidental. Id. at p. 7. Plaintiffs also request a jury trial. See Demand for Trial By Jury, ECF No. 2.



4

Plaintiffs allege that "this is a case(s) that require[s] 'affirmative steps to remedy existing unconstitutional conditions' and should be certified as [a] class action," citing In re Visa Check, 280 F.3d 124, 141 (2d Cir. 2001), Bertulli v. Indep. Ass'n of Cont'l Pilots, 242 F.3d 290, 298 (5th Cir. 2001).  See id. at p. 7. Plaintiffs' Complaint, in seeking "appointment of counsel for purposes of, inter alia, representation of class members/Plaintiffs," alleges:

> Many members of Plaintiff class are poor, illiterate, lack education and access to law library, legal representation, etc. and Plaintiff "class" is fluid and membership changes constantly for obvious reasons (i.e. inmates are pretrial detainees and are released or sent to prison, etc.).  Questions of law and fact are common to all members of class as to named Plaintiffs.  Claims of representative parties are typical of the claims of all class members.  Plaintiffs seek appointment of counsel to fairly and adequately represent the interests of the class.

Complaint, ECF No. 1, p. 6.

Plaintiffs' Motion for Appointment of Counsel (ECF No. 6) also states that "their claims regarding, inter alia, severe overcrowding (as outlined in Complaint) are 'meritorious," citing cases from the First, Second, Eighth, and Eleventh Circuits for the proposition that it is unconstitutional, per se, for pretrial detainees to be forced to sleep on a mattress on the floor.  Plaintiffs allege that their "claims/case will require extensive discovery, use of expert witnesses, etc., and counsel should be appointed."  Motion for Appointment of Counsel, ECF No. 6, p. 2.

Plaintiffs' Motion for Class Certification (ECF No. 7) also states that "all the members of proposed class are pretrial detainees incarcerated at LCDC," and "the Plaintiff class meets Rule 23(a)(1) in that the members of the Plaintiff class are too numerous and too 'fluid' by reason of being pretrial detainees who are either released from LCDC of convicted and transferred out of LCDC and joinder of all class members is impracticable."  Motion for Class Certification, ECF No. 7, p. 2.  Plaintiffs allege that "LCDC generally houses in excess of 700 inmates the majority

5



of which are pretrial detainees/Plaintiff class members." <u>Id.</u> at p. 2-3. Plaintiffs allege that "members of the proposed Plaintiff class are unlikely to bring their own or individual suits because of poverty, illiteracy, lack of education, limited access to legal representation, etc. and therefore class certification should be granted. <u>Id.</u> at p. 3. Plaintiffs allege that "[p]ursuant to Rule 23(a)(2), Fed. R. Civ. P., there are questions of law and fact common to all proposed class members and named Plaintiffs," and, "[p]ursuant Rule 23(a)(3), Fed. R. Civ. P., the claims of the representative parties are also obviously typical of the claims of other class members." <u>Id.</u> at p. 4.

Plaintiffs allege that "[p]ursuant to Rule 23(a)(4), Fed. R. Civ. P., Plaintiffs will represent and fairly and adequately protect the interests of the class through qualified counsel which Plaintiff class moves this honorable court to appoint," and "[t]he issues herein are too involved and complex for <u>pro se</u> Plaintiffs and counsel should be appointed to represent the class." <u>Id.</u> at p. 4-5. Plaintiffs allege that "[p]ursuant to Rule 23(b)(2), Fed. R. Civ. P., the parties opposing the class (Defendants) have acted and/or refused to act on grounds that apply generally to the class and formal injunctive relief and declaratory relief is appropriate respecting the class as a whole." <u>Id.</u> at p. 5. Plaintiffs also allege that "[c]lass certification is also appropriate pursuant to Rule 23(b)(1), Fed. R.Civ.P.," and that "[c]lass certification is especially needed in this case to protect the interests of unnamed parties in the event named Plaintiffs are released and/or transferred." <u>Id.</u> at p. 7.

## **<u>DISCUSSION</u>**

Plaintiffs carry the burden of establishing each of the requirements for a class action. <u>See</u>, <u>e.g.</u>, <u>Thorn v. Jefferson-Pilot Life Ins. Co.</u>, 445 F.3d 311, 321 (4th Cir. 2006) ("[I]t is the plaintiff who bears the burden of showing that the class *does comply* with Rule 23.") (emphasis in original). As the Supreme Court recently explained:

6



> Rule 23 does not set forth a mere pleading standard.  A party seeking class certification must affirmatively demonstrate his compliance with the Rule — that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc.  We recognized in <u>Falcon</u> that "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," 457 U.S. at 160, 102 S.Ct. 2364, and that certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied," <u>id.</u>, at 161, 102 S.Ct. 2364; <u>see id.</u>, at 160, 102 S.Ct. 2364 ("[A]ctual, not presumed, conformance with Rule 23(a) remains ... indispensable").  Frequently that "rigorous analysis" will entail some overlap with the merits of the plaintiffs underlying claim.  That cannot be helped.

<u>Wal-Mart Stores, Inc.</u>, 131 S.Ct. at 2551-52.  Here, certification of a class as requested by the Plaintiffs is not appropriate for several reasons.

First, Plaintiffs do not meet the requirements of Fed. R. Civ. P. 23(a)(4), <u>i.e.</u>, that they will be able to "fairly and adequately protect the interests of the class."  This requirement is met if it appears that (1) the lead plaintiff has interests in common with, and not antagonistic to, the proposed class's interests; and (2) the lead plaintiff's attorneys are qualified, experienced and generally able to conduct the litigation.  <u>Id.</u>; <u>In re Kirschner Med.</u>, 139 F.R.D. 74, 79 (D.Md. 1991); accord: <u>Eisen v. Carlisle & Jacquelin</u>, 391 F.2d 555, 562 (2nd Cir. 1968), vacated and remanded on other grounds, 417 U.S. 156 (1974).  Looking initially at the second criteria, there is no "lead attorney" in this case, or indeed any attorney at all, and it is well settled that this circuit does not certify a class where a <u>pro se</u> litigant or litigants are acting as representatives of that class. See <u>Kirby v. Blackledge</u>, 530 F.2d 583, 588 (4th Cir. 1976).  Because the rights of many persons may be affected in a class action, such an action will not be certified unless counsel has been retained or appointed to represent the class.  See <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975) (it is "plain error for a <u>pro se</u> inmate to represent other inmates in a class action"); <u>Inmates v. Owens</u>,



561 F.2d 560, 562 (4th Cir. 1977); <u>Simpson v. Specialty Retail Concepts, Inc.</u>,149 F.R.D. 94, 102 (M.D.N.C. 1993).

      Although Plaintiffs are seeking to have counsel appointed by the Court, there is no constitutional right to appointed counsel in § 1983 cases. <u>Cf.</u> <u>Hardwick v. Ault</u>, 517 F.2d 295 (5th Cir. 1975). The Congress does not appropriate funds to pay attorneys who represent litigants in civil rights cases or in non-capital habeas corpus cases; 53 Comp. Gen. 638 (1974); and while the district court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); <u>Smith v. Blackledge</u>, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." <u>Cook v. Bounds</u>, 518 F.2d 779, 780 (4th Cir. 1975); <u>see</u> <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by <u>Mallard v. United States Dist. Court for the S. Dist. of Iowa</u>, 490 U.S. 296, 300 n.3 (1989). There are no exceptional circumstances presented here. Rather, Plaintiffs' claims are more or less typical of the types of claims asserted by jail inmates, and which are litigated <u>pro se</u> on a regular basis in this Court.[2]

      Further, "[i]n a plaintiff class action the court usually would appoint as class counsel only an attorney or attorneys who have sought appointment." Fed. R. Civ. P. 23(g) Advisory Committee Notes, 2003 Amendments, Subdivision (g), Paragraph (2). Rule 23(g) includes a list of considerations which the court must address in appointing class counsel, including the work already done by counsel in identifying and investigating potential claims, counsel's experience in handling other class actions and/or complex litigation, counsel's knowledge of the applicable law, and the

---

[2]Indeed, Mr. House already has several other <u>pro se</u> cases currently pending in this Court. <u>Aloe Creme</u>, 425 F.2d at 1296 ("The District Court clearly had the right to take notice of its own files and records.").



resources that counsel will commit to representing the class.  Hence, Rule 23(g) presumes that, in the typical class action, the court will be approving the appointment of counsel who has previously applied for such appointment.  Here, Plaintiffs do not indicate that they have attempted to retain counsel in this case, and offer no suggestion as to whom the Court should appoint to serve as class counsel.  Rather, Plaintiffs erroneously conflate their request for appointment of counsel under 28 U.S.C. § 1915(e)(1) for their individual claims based on their inability to afford counsel, with a request for appointment of counsel under the class certification procedures of Fed. R. Civ. P. 23(g). Therefore, as Plaintiffs may not represent a class pro se and are not entitled to appointment of counsel in this case as presented, they are not entitled to class certification, even if their claims were otherwise of a type that could merit class certification.

Plaintiffs claims also suffer from other infirmities which prevent certification of a class in this case.  Rule 23(a) provides that one or more members of a class may sue as representative parties on behalf of all members only if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).  Courts have characterized the four requirements of Rule 23(a) as the requirements of numerosity, commonality, typicality, and adequacy of representation, with "the final three requirements of [the rule] 'tend[ing] to merge,' [so that] commonality and typicality '[serve] as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiffs claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" Brown v. Nucor Corp., 576 F.3d 149, 152

9



(4th Cir. 2009) (quoting <u>Broussard v. Meineke Disc. Muffler Shops, Inc.</u>, 155 F.3d 331, 337 (4th Cir. 1998)); <u>see also</u> <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S.Ct. 2541, 2551 n.5 (2011).

      In addition to satisfying the requirements enumerated in Rule 23(a), Plaintiffs must also demonstrate that the putative class satisfies one of the three sub-parts of Rule 23(b).  In this case, Plaintiffs rely on subsections (b)(2) and (b)(3), which permit a class action if:

> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>>
>> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>>
>> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>>
>> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(2), (3).  In a class action brought under Rule 23(b)(3), the commonality requirement of Rule 23(a)(2) is subsumed under, or superseded by, the more stringent Rule 23(b)(3) requirement that questions common to the class predominate over other questions.  <u>Lienhart v. Dryvit Systems, Inc.</u>, 255 F.3d 138, 146 n.4 (4th Cir. 2001) (quoting <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591, 609 (1997)).

      Here, Plaintiffs fail to present credible classwide proof that all pretrial detainees in the putative class have suffered a common constitutional violation.  Indeed, Plaintiffs have arguably



failed to even allege viable claims of violations of their own constitutional rights. For example, while Plaintiffs' Complaint makes the assertion that their being subjected to "overcrowding," resulting in their having to sleep on the floor, amounts to a per se constitutional violation, Fourth Circuit case law does not support this contention. Rather, it is well settled in this circuit that courts are required to apply a "totality of the circumstances" standard of review to determine what conditions of confinement for pre-trial detainees would violate the Constitution. See Futrell v. Hardy, 914 F.2d 248 (4th Cir. 1990); Best-Bey v. Pennsylvania, 2008 WL 161214 at *6 (E.D. Pa. 2008) (collecting cases and determining that it is a factual issue, taking into account all aspects of incarceration; not a per se rule of unconstitutionality) ("Although some courts have effectively adopted a per se rule that forcing a pretrial detainee or civil contemnor to sleep on the floor, standing alone, arises to a constitutional violation, *the majority of cases holding that floor sleeping transgressed constitutional boundaries did so based on an examination of all the attendant circumstances of incarceration*."). Thus, if the alleged common constitutional violations which form the basis for this lawsuit may not really be cognizable § 1983 claims, then Plaintiffs cannot plausibly claim that all class members have suffered these same violations of their rights.

In any event, the commonality and predominance requirements of Rule 23 are not satisfied because Plaintiffs' allegations and Defendants' affirmative defenses would require individual determinations based on their individual circumstances. The Court would be required to inquire into each class member's case to determine the particular facts of each member's claim, whether any affirmative defenses are valid, and then to consider the totality of the circumstances in each instance. Additionally, some claims made by one or more of the Plaintiffs are not even being made by the others, such as medical or food claims. Hence, the commonality and predominance



requirements are not met.  See Broussard, 155 F.3d at 342 (holding that "when the defendants' affirmative defenses . . . may depend on facts peculiar to each plaintiff's case, class certification is erroneous").

   For the reasons stated above, relating to commonality and predominance, Plaintiffs fail to meet the typicality requirement as well.  "Typicality requires that the claims of the named class representatives be typical of those of the class; 'a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.'"  Lienhart v. Dryvit Systems, Inc., 255 F.3d 138, 146 (4th Cir. 2001) (quoting General Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 156 (1982)).  This Court cannot meaningfully analyze whether Plaintiffs' injuries are typical of the others in the class where Plaintiffs allege a variety of different claims, all of which require individualized assessments, not only as among members of the putative class but even as among the three named Plaintiffs themselves, and where Plaintiffs have not presented any evidence that other members of the class have been subjected to the same conditions of confinement.

   Additionally, Plaintiffs are not adequate class representatives based on Plaintiffs' differing circumstances, and based on the fact that Mr. Hause is no longer confined in the LCDC.  In fact, insofar as Mr. Hause requests injunctive and declaratory relief, his claims are now moot.  See Incumaa v. Ozmint, 507 F.3d 281, 286-88 (4th Cir. 2007)[3]; Inmates v. Sheriff Owens, 561 F.2d 560,

---

   [3]  In Incumaa, the Fourth Circuit explained:

Mootness questions often arise in cases involving inmate challenges to prison policies or conditions, and courts, including our own, have held that the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief, even if a claim for money damages survives.  The reasons for finding mootness in such a context are clear.  Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a



562 (4th Cir. 1977). Mootness has been held to be a jurisdictional question in <u>North Carolina v. Rice</u>, 404 U.S. 244, 246-47 (1971). Moreover, Mr. Hause cannot "represent" other detainees at the LCDC as a way to pursue these claims. <u>See</u> <u>Laird v. Tatum</u>, 408 U.S. 1 (1972); <u>Valley Forge Christian College v. Americans United for Separation of Church & State</u>, 454 U.S. 464, 482 (1982); <u>Lake Carriers Ass'n v. MacMullan</u>, 406 U.S. 498, 506 (1972); <u>Flast v. Cohen</u>, 392 U.S. 83, 99 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and that the merits of the case are irrelevant); and <u>Frank Krasner Enterprises, Ltd. v. Montgomery County, Maryland</u>, 401 F.3d 230, 234-36 & nn. 6-9 (4th Cir. 2005) (collecting cases on standing).

Rule 23(b)(2) also provides that class certification is appropriate where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). By its terms then, Rule 23(b)(2) imposes two independent but related requirements. In the first place, the defendants' actions or inactions must be based on grounds generally applicable to all class members. The second requirement is even more restrictive, requiring that final injunctive relief be appropriate for the class as a whole. The rule therefore authorizes an inquiry into the relationship between the class, its injuries, and the relief sought, with at least one circuit interpreting the rule to require that a class must be "amenable to 'uniform group

---

legally cognizable interest in a judicial decision on the merits of his claim. Any declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted. And the newly situated inmate has no further need for such declaratory or injunctive relief, for he is free of the policy or practice that provoked his lawsuit in the first place.

<u>Incumaa v. Ozmint</u>, 507 F.3d at 286-87.



remedies.'" <u>Shook v. El Paso County</u>, 386 F.3d 963, 973 (10th Cir. 2004) (internal citations omitted). Put differently, Rule 23(b)(2) demands a certain cohesiveness among class members with respect to their injuries, the absence of which can preclude certification. In <u>Shook v. Board of County Commissioners of County of El Paso, et al.</u>, 543 F.3d 597 (10th Cir. 2008). The court noted:

> [t]his cohesiveness has at least two aspects. First, the class must be sufficiently cohesive that any classwide injunctive relief can satisfy the limitations of Federal Rule Civil Procedure 65(d) — namely, the requirement that it 'state its terms specifically; and describe in reasonable detail . . . the act or acts restrained or required. Second, '[a] class action may not be certified under Rule 23(b)(2) if relief specifically tailored to each class member would be necessary to correct the allegedly wrongful conduct of the defendant.'

<u>Shook</u>, 543 F.3d at 604. (internal citations omitted).

In short, under Rule 23(b)(2) the class members' injuries must be sufficiently similar that they can be addressed in an single injunction that need not differentiate between class members. Plaintiffs have failed to bear this burden under Rule 23(b)(2) of showing that the Defendants have acted on grounds generally applicable to the class, such that the declaratory and injunctive relief sought is appropriate respecting the class as a whole. Factual differences in the situations between the Plaintiffs themselves, not to mention the factual differences between Plaintiffs and individuals in the proposed class, suggest that some might have claims for overcrowding, some for denial of access to a law library or recreation, some for lack of adequate medical care and deliberate indifference to serious medical needs, and others for alleged unconstitutional punishment. Each of these claims would be fact specific to the inmate, however. As previously noted, many of the matters that Plaintiffs seek to address cannot be dealt with prospectively on a class-wide basis because the propriety of using such methods depends on the circumstances in which they were used, and those circumstances necessarily vary among class members. Admittedly, while some of the

14



standards Plaintiffs seek to put in place do not depend on individual circumstance, this Court is not equipped to determine what constitutes "adequate" medical training or deliberate indifference, for example, and thus it would be extraordinarily difficult to craft an injunction satisfying the specificity requirements of Fed. R.Civ. P. 65(d).  Certainly with respect to injuries and damages, different factual situations exist for each Plaintiff and would exist for each class member, thus any damages awarded would need to be determined individually, assuming an individual even has a claim.[4]

   In addition to the predominance requirement, Rule 23(b)(3) requires that the Court find that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  In evaluating this requirement, the Court must consider the likely difficulties in managing a class action.  Fed. R. Civ. P. 23(b)(3)(D).  As with the other requirements of Rule 23, the Court cannot engage in a meaningful analysis of how difficult managing a class action would be in this case because Plaintiffs have not alleged a per se constitutional violation.  If the Court certified Plaintiffs' class notwithstanding Plaintiffs' failure to identify a specific constitutional violation, the Court would be required to inquire into every class member's case to determine, inter alia, whether and how (or even if) the class member's rights were violated and whether the Defendants were directly responsible for the class member's injury.  Further, individualized damages determinations would be required in this case, making a class action even less manageable.

   In sum, as the Plaintiffs have not carried their burden of establishing the requirements for class certification under Rule 23, their Motion to Certify Class (ECF No. 7) should be **denied**. If this recommendation is adopted by the Court, the question then becomes whether this case should

---

   [4]For example, certain inmates may be perfectly satisfied with the medical care and treatment they are being provided, while others may not be.



be allowed to proceed as one action, and after careful review and consideration of the allegations presented, the undersigned concludes that it should not. Plaintiffs' individual § 1983 claims do not involve complex issues, and Plaintiffs' filings in this case demonstrate that they can sufficiently articulate their individual claims and prosecute their cases. Indeed, while all three Plaintiffs allege some of the same violations, the facts to establish whether or not they individually in fact suffered a cognizable violation will be different for each, while each Plaintiff additionally asserts some claims that the other two do not. Furthermore, in applying the PLRA's provisions to this case, a fundamental question to be addressed is whether Plaintiffs can even proceed in a single case under that statute. While Plaintiffs' Complaint and Motions do not address any of the issues concerning the joinder, misjoinder, and/or nonjoinder of parties, pursuant to Fed. R. Civ. P. 20 and 21, the undersigned must consider them.

   The Fourth Circuit has not addressed the issue of payment of fees in a case filed by multiple plaintiffs subject to the PLRA, however, various other federal courts have. See Burke v. Helman, 208 F.R.D. 246 (CD. Illinois 2002) (collecting cases). In Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001), the United States Court of Appeals for the Eleventh Circuit held that multiple prisoners may not join in one action or one appeal. On several occasions, when confronted with this issue, this Court has found the reasoning of Hubbard to be persuasive. See, e.g., Goins v. S.C. Dep't of Corr., C/A No. 4:12-1924-CMC-TER, 2012 U.S. Dist. LEXIS 108463 at *3 (D.S.C. Aug. 3, 2012); Stepney v. Leeke, C/A No. 1:12-1463-JMC-SVH, 2012 U.S. Dist. LEXIS 80070 at *5 (D.S.C. June 11, 2012); Blakely v. Hallman, C/A No. 5:12-1289-TMC-KDW, 2012 U.S. Dist. LEXIS 74342 at *2 (D.S.C. May 30, 2012); Northop v. Major, C/A No. 8:10-2580-RMG-BHH, 2010 U.S. Dist. LEXIS 117953 at *2 (D.S.C. Oct. 25, 2010). Three other circuit courts have addressed

16



whether in forma pauperis prisoner plaintiffs are allowed to join under Fed. R. Civ. P. 20, and, even under the more flexible holdings of the Third, Sixth, and Seventh Circuits, see Hagan v. Rogers, 570 F.3d 146, 157 (3d Cir. 2009); In re Prison Litigation Reform Act, 105 F.3d 1131, 1137-38 (6th Cir. 1997); Boriboune v. Berge, 391 F.3d 852, 855 (7th Cir. 2004), the undersigned finds that Fed. R. Civ. P. 20 permissive joinder is inappropriate for the instant case.

The Third Circuit has explained that when exercising its "broad authority" to deny joinder for prisoner plaintiffs, the district court should "provide a reasoned analysis that comports with the requirements of [F.R.C.P. 20], and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." Hagan, 570 F.3d at 157. It is apparent to the undersigned that Plaintiffs, in support of their claims in this action, have stated allegations that are very similar to allegations made by Mr. Hause in other cases pending before this court.[5] See Hause v. Miles, et al., C.A. No. 9:13-1271-RMG-BM (D.S.C.); Hause v. Bastian, et al., C.A. No. 9:13-3531-RMG-BM (D.S.C.). The undersigned also notes there is significant overlap between Plaintiffs and Defendants across the three pending cases. Id. This litigation tactic is potentially confusing as it places the same allegations and overlapping parties before the Court in three different cases.

Moreover, as thoroughly discussed above, Plaintiffs have alleged an array of constitutional claims, i.e. violation of the Fourteenth Amendment by overcrowding of cells, requiring Plaintiffs to sleep on the floor and and denying them recreation; deliberate indifference to serious medical needs; insufficient food; and punishment, through confinement for several days, by being made to wear a black and white striped uniform, denial of access to canteen, books, etc.; and

---

[5] The Court may take judicial notice of the pending cases before it that have a direct relation to the matters at issue in this action. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (citing St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)).



violation of the First Amendment by denying Plaintiffs' access to court, a law library, and legal research.  See Complaint, ECF No. 1, p. 4.  These allegations will require individualized findings for each Plaintiff, as one or more Plaintiffs may have been subjected to certain conditions which might, as applied to that Plaintiff, present a possibly viable claim, while another Plaintiff may not have been.  Any damages, if awarded, will also need to be determined individually.

The Court will similarly need to determine whether each individual Plaintiff has met the PLRA's exhaustion requirement.  Just as payment of one fee does not cover multiple plaintiffs under the PLRA, exhaustion of administrative remedies by one prisoner does not meet the exhaustion requirement for all of the Plaintiffs.  See Porter v. Nussle, 534 U.S. 516, 524 (2002) (exhaustion is required in all actions brought with respect to prison conditions); Woodford v. Ngo, 548 U.S. 81, 85 (2006) (PLRA makes "proper" exhaustion mandatory).  As a result, each Plaintiff's claims will require individualized determinations.

Therefore, the undersigned recommends that the Court **deny** joinder under Fed. R. Civ. P. 20(a), and **sever** these claims under Fed. R. Civ. P. 21.  See also F.R.C.P. 20(b); 7 Wright, Miller, & Kane, Federal Practice and Procedure, § 1652 (3d ed. 2001) (discussing the court's discretion to deny permissive joinder where it determines joinder would not foster the objectives of Fed. R. Civ. P. 20 but would instead "result in prejudice, expense, or delay").  If the Court adopts this Recommendation, the Clerk of Court should be directed to maintain this case as the "lead case" brought by the first Plaintiff named above, i.e. Mr. Williams.  This is how a case filed by multiple pro se litigants is typically handled.  The Clerk of Court would then open two new cases for the other two Plaintiffs, Mr. Hause and Mr. Vesey, and assign separate civil action numbers to the two new



cases.[6]  The Clerk of Court should determine the most efficient way and time for assigning case

numbers and entering the new case numbers, party information, and pleading information on the

Court's docket in the Electronic Case Filing system.  The Defendants in the new cases would be the

same Defendants in the caption of this Report.[7]  The Clerk of Court would be authorized to re-file

the Complaint from this case in the new cases and to process the new cases as individual prisoner

civil rights cases.  The initial document entries on the docket in the additional cases would be the

Court's Order adopting this Report and ordering that this case be severed into three cases, and the

Complaint in this case.  The Court's order would direct that the three individual cases proceed to

initial review by the assigned United States Magistrate Judge, in compliance with 28 U.S.C. § 1915

and 28 U.S.C. § 1915A, as required by the Local Rules of the District Court for the District of South

Carolina, and pursuant to the General Order issued in In Re: Procedures in Civil Actions Filed by

Prisoner Pro Se Litigants, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007).

---

[6]The Prison Litigation Reform Act (PLRA) permits a prisoner to file a civil action without prepayment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available.  See 28 U.S.C. § 1915(a), (b).  Plaintiffs have submitted Applications to Proceed Without Prepayment of Fees and Affidavits (Forms AO 240), which are construed as a Motion for Leave to Proceed in forma pauperis.  See 28 U.S.C. § 1915(a)(1), (2).  A review of the Motions reveals that Plaintiffs do not have the funds to pay the first installment of the filing fee.   Therefore, Plaintiffs' Motions for Leave to Proceed in forma pauperis (ECF Nos. 3,4 & 5) should be **granted**. However, A review of this case as a whole reveals that exceptional circumstances do not exist that would warrant the appointment of counsel for any of the Plaintiffs.  Therefore, Plaintiffs' Motion to Appoint Counsel (ECF No. 6) should be **denied**.

[7]  It is apparent from a careful review of the Plaintiffs' Complaint, Motions, Forms AO 240, and proposed summons that Plaintiffs do not intend to name the Lexington County Detention Center and the Lexington County Sheriff's Department as separate defendants in this action.  These entities are apparently listed in the Complaint's caption to more fully identify the three named individual Defendants.



## **<u>RECOMMENDATION</u>**

Based on the foregoing, it is recommended that the Court **grant** Plaintiffs' Motions for Leave to Proceed <u>in</u> <u>forma</u> <u>pauperis</u> (ECF Nos. 3, 4 & 5), **deny** Plaintiffs' Motion for Appointment of Counsel (ECF No. 6), **deny** Plaintiffs' Motion to Certify Class (ECF No. 7), and **sever** Plaintiffs' claims into three separate, individual cases, as outlined above, which should then be referred to the assigned United States Magistrate Judge for individualized initial review.

Plaintiffs' attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

April 23, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

